E-FILED
Friday, 13 November, 2026 11:56:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANDELL KITRELL MOORE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:19-cr-40039-SLD-2 |

ORDER

Before the Court are Defendant Mandell Kitrell Moore's *pro se* motion for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, ECF No. 232, and sealed Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 ("Counseled 821 Motion"), ECF No. 256, and the Government's Motion to File Under Seal, ECF No. 265. For the reasons that follow, the Motion to File Under Seal is GRANTED, the Counseled 821 Motion is DENIED, and the *pro se* motion is MOOT.

**BACKGROUND**

Moore was charged with one count of conspiracy to distribute at least one kilogram of a mixture or substance containing heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count One); two counts of distribution of heroin in violation of § 841(a)(1) and 841(b)(1)(C) (Counts Two and Five); one count of possession of heroin with intent to distribute in violation of § 841(a)(1) and (b)(1)(C) (Count Six); one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Seven); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Eight). *See generally* Second Superseding Indictment, ECF No. 77. Moore pleaded guilty to Counts One, Six, and

Eight pursuant to a written plea agreement. *See* Plea Agreement 2, ECF No. 122; Oct. 22, 2020 Min. Entry.

The Court adopted the Second Revised Presentence Investigation Report ("PSR"), ECF No. 153, to which there were no objections. *See* Statement of Reasons, ECF No. 170. Counts One and Six were grouped under the Sentencing Guidelines. PSR ¶ 79. The base offense level was 26 because the offense involved at least 400 but less than 700 grams of heroin. *Id.* ¶ 80. That level was reduced by three for acceptance of responsibility, so Moore's total offense level for Counts One and Six was 23. *Id.* ¶¶ 87–89. Moore's criminal history score was three, putting him in criminal history category II. *Id.* ¶ 95.

A total offense level of 23 and a criminal history category of II resulted in a range of 51 to 63 months for imprisonment under the Sentencing Guidelines. *See* U.S. Sent'g Guidelines Manual Ch. 5 Pt. A (U.S. Sent'g Comm'n 2018). Moore faced a statutory mandatory minimum term of imprisonment of 10 years for Count One, so the PSR listed the Guidelines range for imprisonment on Count One as 120 months. *See* PSR ¶¶ 136, 138; 21 U.S.C. § 841(b)(1)(A). The PSR listed the Guidelines range for imprisonment for Count Six as 51 to 63 months. *See id.* ¶ 138.[1] Count Eight mandated a five-year term of imprisonment to be served consecutive to the sentences on any other counts. *Id.* ¶¶ 136, 138; 18 U.S.C. § 924(c)(1)(A).

The Government made a motion under 18 U.S.C. § 3553(e). The Court granted Moore a twenty-five percent reduction from the ten-year mandatory minimum on Count One and the five-year mandatory minimum on Count Eight, resulting in a 90-month term of imprisonment and a consecutive 45-month term of imprisonment. *See* Statement of Reasons 3; Am. Judgment 1–3,

[1] Commentary to Guidelines § 5G1.2(b) provides that "where a statutorily required minimum sentence on any count is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence on that count shall be the guideline sentence on all counts." U.S. Sent'g Guidelines Manual § 5G1.2 n.3(B). Under § 5G1.2(b), then, the Guidelines range for Count Six likely should have also been 120 months.

ECF No. 180. The Court sentenced Moore to a 51-month term of imprisonment on Count Six, to be served concurrently with the sentence on Count One. Am. Judgment 3. Counts Two, Five, and Seven were dismissed at sentencing. *Id.* at 1; Dec. 16, 2021 Min. Entry.

Moore now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), arguing that he was sentenced, at least in part, based on a Sentencing Guidelines range that was lowered by Amendment 821 to the Sentencing Guidelines. The Government opposes the motion.

## DISCUSSION

### I. Legal Standard

Under 18 U.S.C. § 3582(c)(2), a district court "may reduce a [defendant's] term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable" if that "defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has described § 3582(c)(2) as imposing a two-step inquiry: first, the court "follow[s] the [Sentencing] Commission's instructions in § 1B1.10 [of the Sentencing Guidelines, the policy statement applicable to § 3582(c)(2) motions,] to determine the [defendant's] eligibility for a sentence modification and the extent of the reduction authorized"; and second, if a reduction is authorized, the court "considers any applicable § 3553(a) factors and determine[s] whether, in its discretion" to reduce the defendant's sentence. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

At step one, the court must "determine the amended guideline range that would have been applicable to the defendant if the [relevant amendment to the Guidelines] had been in effect at the time the defendant was sentenced." U.S. Sent'g Guideline Manual § 1B1.10(b)(1) (U.S.

Sent'g Comm'n 2026). The court can only consider the effect of the relevant amendment; all other Guidelines determinations remain the same. *Id.* The policy statement also provides, however, that if the defendant was subject to a mandatory minimum term of imprisonment but the court was authorized to impose a sentence below that minimum pursuant to motion under 18 U.S.C. § 3553(e), "then . . . the amended guideline range shall be determined without regard to the operation of" § 5G1.1 and § 5G1.2, which restrict the Guidelines range based on the mandatory minimum. *Id.* § 1B1.10(c).

## II. Analysis

Moore argues that he is eligible for a sentence reduction under § 3582(c)(2) because Amendment 821—to the extent it eliminated criminal history category points assessed for committing the instant offense while under a criminal justice sentence for some defendants, U.S. Sent'g Guidelines Manual supp. app. C at 234–35—lowers his Guidelines range. *See* Counseled 821 Mot. 6–7.[2] While the Government concedes that Moore would not receive such points if sentenced today, it argues that Moore is ineligible for relief because Amendment 821 does not lower his Guidelines range and because "[h]is sentence was not 'based on'" the Sentencing Guidelines. *See* Resp. 4, 7, ECF No. 266.

### A. Whether Moore's Sentence was "Based on" his Guidelines Range

As it is a threshold question, the Court first addresses whether Moore's sentence was based on the Guidelines range calculated in his case. A sentence is "based on" the Guidelines range if the range "was a relevant part of the framework the judge used to . . . determine the sentence." *Hughes v. United States*, 584 U.S. 675, 690 (2018). The Government argues that

[2] Moore does not seek a reduction of his sentence on Count Eight, Counseled 821 Mot. 17, so the Court does not address Count Eight.

Moore's "sentence was not 'based on' the initially calculated range of 51-63 months for grouped Counts One and Six, which would have been the range absent the mandatory minimum" because the "Court discarded that range . . . making 120 the range for both Counts One and Six because they group." Resp. 7. This argument is based on *Koons v. United States*, 584 U.S. 700, 705 (2018), in which the Supreme Court held that a defendant's sentence is not based on the Guidelines range when the statutory mandatory minimum sentence is greater than the maximum of the Guidelines range. The Supreme Court explained that, in the situation where the top end of the Guidelines range is lower than mandatory minimum, the court "scrap[s] the range[] in favor of the mandatory minimums and never consider[s] the range[] again." *Id.*

As to Count One, the Court agrees with the Government. The Court disregarded the initially calculated range because it was entirely below the mandatory minimum. But as to Count Six, the Court did in fact sentence Moore to the low end of the initially calculated Guidelines range. Perhaps that was not a correct application of the Guidelines, *see supra* n.1, but the Guidelines range certainly played "a relevant part of the framework" the Court used to determine the sentence on Count Six. *Hughes*, 584 U.S. at 690. Accordingly, Moore's sentence was based on the Guidelines range for Count Six.

It is unclear whether the Court should determine whether the defendant was sentenced to a term of imprisonment based on the Guidelines range for each count or whether the Court need only determine that the defendant's overall sentence was based, at least in part, on the Guidelines range. For purposes of this Order, the Court will assume the latter and move on to determine whether Moore's Guidelines range was lowered.

### B. Whether Moore's Guideline Range was Lowered

If Moore were sentenced after Amendment 821, he would have only one criminal history point, he would therefore be in criminal history category I, and his Guidelines range would be 46 to 57 months. *See* U.S. Sent'g Guidelines Manual § 5A1.1. The Government argues that because of the 120-month statutory minimum, Amendment 821 does not actually lower the applicable Guideline range, citing § 5G1.2 of the Guidelines. Resp. 9. But the Government fails to mention § 1B1.10(c) which provides that in a situation like Moore's where the defendant was sentenced below the statutory minimum due to a motion under 18 U.S.C. § 3553(e), "the amended guideline range [is to] be determined without regard to the operation of §5G1.1 . . . and §5G1.2." U.S. Sent'g Guidelines Manual § 1B1.10(c). Under § 1B1.10(c), Moore's Guidelines range on both Counts One and Six was "lowered" because the amended Guideline range is 46 to 57 months.[3]

### C. Whether a Sentence Reduction is Appropriate

Although Moore may be eligible for a sentence reduction under § 1B1.10, the Court finds that a reduction would be inappropriate. The "overarching purpose of § 3582(c)(2)" is "to impose the sentence the defendant would have received if the revised Guidelines had applied at the time of [the defendant's] sentencing." *United States v. Lopez*, 989 F.3d 327, 338 (5th Cir. 2021). When Moore was sentenced, the Court first calculated what it thought was an appropriate sentence under the law without consideration of any substantial assistance provided. As to Count One, the Court decided on the applicable mandatory minimum of 120 months. Even if the

[3] For its argument that Amendment 821 does not lower Moore's Guideline range, the Government primarily cites cases that pre-date the current § 1B1.10(c), which became effective November 1, 2014, Amendment 780, U.S. Sent'g Guidelines Manual supp. app. C at 50–53. *See* Resp. 8 (citing cases from 2008, 2009, 2010, and 2014). The one case it cites from 2025, *United States v. Olmeda*, No. 14-cr-03106-04MDH, 2025 WL 644282 (W.D. Mo. Feb. 27, 2025), did not involve a defendant sentenced below a mandatory minimum due to substantial assistance.

Court had thought that was too high, this was the lowest sentence it could impose absent consideration of substantial assistance. The Court then granted, per the Government's motion, a reduction of that sentence to account for Moore's substantial assistance. 18 U.S.C. § 3553(e) only provides the Court authority to "impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance." The Court cannot reduce a defendant's sentence below the mandatory minimum to account for anything else. *See United States v. Spann*, 682 F.3d 565, 566 (7th Cir. 2012).

Granting a reduction of the sentence on Count One would create an unwarranted sentencing disparity between Moore and someone in his circumstances sentenced today. If sentenced today, Moore's Guidelines range would still start at 120 months. Nothing about the fact that Moore's criminal history category would be different now would change that. If sentencing Moore today, the Court would not be permitted to use the Guidelines range without application of § 5G1.1 and § 5G1.2 as § 1B1.10(c) allows a court to do when considering a motion for a sentence reduction. *See Koons*, 584 U.S. at 707–08 (reasoning that the Court's holding that a defendant whose mandatory minimum sentence is above the high end of the otherwise applicable guideline range is not sentenced based on the Guidelines avoids sentencing disparities because "[i]dentically situated defendants sentenced today may receive the same sentences as petitioners received").

As to Count Six, granting a reduction to 46 months, the low end of the amended Guidelines range, would serve no purpose. It would not impact Moore's overall term of imprisonment because the 51-month sentence on Count Six was ordered to run concurrent to the 90-month term of imprisonment on Count One. Indeed, according to Moore, he has already served more than 51 months of imprisonment. *See* Counseled 821 Mot. 6. The Sentencing

Commission prohibits reducing a term of imprisonment to "less than the term of imprisonment the defendant has already served." U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(C). Even if this provision does not squarely apply here since Moore still has time left to serve on his overall term of imprisonment, it further supports the conclusion that reducing Moore's term of imprisonment on Count Six is unwarranted.

For these reasons, even if Moore is eligible for a sentence reduction, the Court exercises its discretion to deny his request for a reduction.

CONCLUSION

Accordingly, Defendant Mandell Kitrell Moore's *pro se* motion for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, ECF No. 232, is MOOT. His sealed Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821, ECF No. 256, is DENIED. The Government's Motion to File Under Seal, ECF No. 265, is GRANTED.

Entered this 13th day of November, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE